**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Berthinia S. Williams,

Plaintiff,

v.

Westgate Las Vegas Resort & Casino,

Defendant.

Case No. 2:26-cv-01812-CDS-BNW

**Screening Order**

Before this Court is Plaintiff Berthinia S. Williams's ("Plaintiff") application to proceed *in forma pauperis* (ECF No. 5) and her *pro se* complaint (ECF No. 2-1) asserting violations of federal and state employment laws. This Court now addresses the IFP application and screens her complaint (ECF No. 2-1) as required by 28 U.S.C. § 1915(e)(2).

## I. *IN FORMA PAUPERIS* APPLICATION

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets [such] person possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense, or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.SC. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, this Court will grant her request to proceed *in forma pauperis*. This Court now screens her complaint.

## II. ANALYSIS

### A. Screening standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff must be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

/ / /

/ / /

**B. Screening the complaint**

Plaintiff alleges Defendant Westgate Las Vegas Resort & Casino ("Defendant") engaged in violations of federal and state employment laws, including discrimination against her based on her medical disability, retaliation for engaging in protected activities, hostile and abusive work environment, failure to accommodate, and wrongful termination. ECF No. 2-1 at 4–5. Plaintiff brings the following claims against Defendant: (1) ADA-Related Allegations; (2) Retaliation Allegations; (3) Hostile Work Environment; and (4) Disparate Treatment.

Plaintiff seeks compensatory and punitive damages for emotional distress, humiliation, and mental anguish; backpay (including lost wages); front pay or reinstatement; pre-judgement and post-judgement interest; injunctive relief requiring "Defendant to implement proper training and corrective measures to equal race"; cost of suit; and any other relief this Court deems just and proper. ECF No. 2-1 at 6.

Before addressing Plaintiff's individual claims, this Court considers a threshold requirement common to her federal claims. Under both Title VII and the ADA, a plaintiff may bring suit in federal court only after exhausting administrative remedies. This requires a plaintiff to file a complaint with the EEOC within 180 days of any alleged unlawful employment practice, 42 U.S.C. § 2000e-5(e)(1); *see Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1174 (9th Cir. 1999). If the EEOC finds that suit is warranted, it will issue a right-to-sue letter, which gives the plaintiff the authority to bring her suit in federal court. Any suit must be brought "within ninety days from the issuance of the right to sue letter by the EEOC," *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170, 1172 (9th Cir. 1986). If a claim is found to be unexhausted, and Plaintiff cannot possibly cure the deficiencies, it is proper for the court to dismiss those claims with prejudice. *Zeddies v. Clark Cnty. Sch. Dist.*, No. 2:20-cv-00477-GMN-NJK, 2021 WL 181172 at *5; *see also McKimmey v. Du-Par's Resorts, Inc.*, 2015 WL 3815510 at *2 (holding where plaintiff fails to exhaust administrative remedy for Title VII claim, leave to amend is futile and dismissal with prejudice is proper).

Plaintiff's complaint does not allege any facts surrounding exhaustion efforts. Plaintiff's complaint is therefore dismissed without prejudice. Plaintiff may amend her complaint and cure

this defect through allegations that she has exhausted her administrative remedies as indicated above. Nevertheless, this Court addresses the sufficiency of each claim should Plaintiff be able to allege she has exhausted her administrative remedies and amend her complaint.

**1. Claim No. 1: ADA-Related Allegations**

The Americans with Disabilities Act ("ADA") prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The ADA applies to private employers. *Puckett v. Park Place Ent. Corp.*, 332 F. Supp. 2d 1349, 1352 (D. Nev. 2004).

To state a colorable claim for disability discrimination under the ADA, plaintiff must allege that plaintiff: (1) "is a disabled person within the meaning of the [ADA]"; (2) "is a qualified individual with a disability"; and (3) "suffered an adverse employment action because of [her] disability." *Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1092 (E.D. Cal. 2017) (internal quotation marks and citation omitted).

Plaintiff alleges that she has "Medically Documented, Bipolar Disorder, OCD, Major Depression . . . [and] Insomnia" that substantially limits major life activities and that she performed her job duties in a satisfactory and professional manner at all relevant times. She alleges that Defendant was aware of those medical conditions and failed to provide reasonable accommodations and engage in the interactive process. Plaintiff further alleges that on May 28, 2023, she experienced a severe Panic/Bipolar Episode while at work, and that two days after this episode she was suspended from work. She alleges that the suspension was treated as a disciplinary rather than a medical or ADA-related matter. Plaintiff alleges that on June 29, 2023, she was terminated from her employment. Although Plaintiff has alleged facts sufficient to state a claim for discrimination under the ADA, this claim, like Plaintiff's other federal claims, is barred at this time by her failure to exhaust administrative remedies, as explained above. As a result, this claim is dismissed without prejudice.

/ / /

/ / /

**2. Claim No. 2: Retaliation Allegations**

Plaintiff's second claim alleges retaliation but does not identify the statute under which it arises. This Court construes the claim as one for retaliation under the ADA (42 U.S.C. § 12203(a)) based on Plaintiff's related allegations concerning her termination.

ADA retaliation claims are analyzed under the same framework as Title VII retaliation claims. *Purcell v. Am. Legion*, 44 F. Supp. 3d 1051, 1056 (E.D. Wash. 2014). Therefore, to state a plausible ADA retaliation claim, plaintiff must allege: (1) involvement in a protected activity; (2) an adverse employment action; and (3) a causal link between the two. *Arnold v. Pfizer, Inc.*, 970 F. Supp. 2d 1106, 1140 (D. Ore. 2013) (*citing Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000)); *Gallagher v. San Diego Unified Port Dist.*, 14 F. Supp. 3d 1380, 1386 (S.D. Cal. 2014).

Plaintiff alleges that a false disciplinary[1] write-up was issued on July 16, 2022. She alleges that on August 18, 2022, Director Keena Fisher verbally attacked and humiliated Plaintiff to such an extreme degree that Plaintiff urinated on herself. Plaintiff alleges that on August 19, 2022, she emailed Ms. Fisher a "court lay-out" demand letter regarding the incident that occurred on August 18, 2022. Plaintiff alleges that approximately 23 minutes later, Plaintiff's manager Karl Johnson called and suspended her. She contends she engaged in protected activity by reporting these false write-ups, abusive conduct, and submitting a written demand letter.

Although Plaintiff alleges that she reported conduct she believed was unfair and submitted a demand letter concerning her treatment, she does not allege that these complaints opposed discrimination on the basis of a disability, or any allegations surrounding the request for a reasonable accommodation. Complaints about mistreatment unconnected to a disability do not constitute activity protected by the ADA. *See* 42 U.S.C. § 12203(a); *Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988) (holding that the opposition clause "protects only those

[1] Plaintiff does not describe the conduct underlying the July 16, 2022, write-up or explain why she believed it was false or retaliatory. Absent such facts, this Court cannot determine whether Plaintiff's report of the write-up opposed conduct she reasonably perceived as discrimination based on a disability, as required for the report to constitute activity protected by the ADA.

employees who oppose what they reasonably perceive as discrimination *under the Act*" and that "the opposed conduct must fairly fall within the protection of [the statute]"); *see also Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 850 (9th Cir. 2004) ("[p]ursuing one's rights under the ADA constitutes a protected activity"). Additional factual allegations are needed to support the conclusion that Plaintiff engaged in an ADA protected activity. As a result, to the extent Plaintiff intended to assert this claim, it will be dismissed with leave to amend subject to the same exhaustion requirements mentioned above.

**3. Claim No. 3: Hostile Work Environment**

Plaintiff's third claim alleges hostile work environment but does not identify the statute under which it arises. This Court construes the claim, considering Plaintiff's related allegations concerning the conditions of her employment, as one for hostile work environment under the ADA, 42 U.S.C. § 12203(a).[2]

To state such a claim for hostile work environment based on disability under the ADA, a plaintiff must allege that she was (1) "subjected to harassment because of [her] disability," and that (2) the "harassing conduct was sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *Mattioda v. Nelson*, 98 F.4th 1164, 1174 (9th Cir. 2024) (quoting *Manatt v. Bank of Am., N.A.*, 339 F.3d 792, 798 (9th Cir. 2003)) (internal quotation marks and citation omitted). As to causation, the plaintiff must allege a plausible nexus between the harassing conduct and her disability (harassment that begins after the plaintiff discloses a disability may support such an inference). *See id.* at 1175. As to severity, the court considers the totality of the circumstances, including the "frequency of the conduct; its

---

[2] To the extent Plaintiff instead intends to assert a hostile work environment claim under Title VII of the Civil Rights Act of 1964 based on a protected characteristic such as race, national origin, or sex, she must allege that (1) she was subjected to verbal or physical conduct because of her protected characteristic; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment. *See Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003). Plaintiff's allegations do not identify her protected characteristic or connect the alleged conduct to any such characteristic; should she amend, she must allege facts satisfying these elements.

severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with the employee's work performance." *Id.* at 1175–76 (internal quotation marks and citation omitted). The conduct must be both objectively hostile from the perspective of a reasonable person and subjectively perceived by the Plaintiff herself as abusive. *Id.* at 1176.

In addition to Plaintiff's allegations regarding the August 18, 2022, verbal attack, Plaintiff alleges that she was assaulted by a floor supervisor on March 2, 2023. She alleges the floor supervisor aggressively approached her, walked in her personal space, pointed in her face, spat on her while talking, and made verbal threats. Plaintiff alleges that she was subjected to "severe and pervasive conduct that altered the conditions of [her] employment" and that the "August 18, 2022, humiliation incident and the March 2, 2023[],[3] assault created an abusive environment." She further alleges that defendant "failed to take corrective actions, against the (Hispanic Supervisor), and yet [she] was investigated and terminated." Plaintiff alleges that the hostile environment was based on retaliation, disability, and protected activity.

Although Plaintiff alleges two incidents of severe and humiliating conduct, she does not allege facts connecting that conduct to her disability. Plaintiff does not allege that either Director Fisher or the floor supervisor was aware of her disability, that the harassing conduct referenced or targeted her disability, or that the conduct began after any disclosure of a disability. *See id.* at 1175. Plaintiff's assertion that the hostile environment was "based on retaliation, disability, and protected activity" states the causal element as a legal conclusion without supporting factual allegations, which is insufficient to state a claim. *See Ashcroft*, 556 U.S. at 678. As a result, the claim is dismissed without prejudice and with leave to amend subject to the same exhaustion requirements mentioned above.

/ / /

/ / /

---

[3] Although Plaintiff wrote the date of this incident as March 2, 20236, this Court assumes that Plaintiff intended to write 2023 based on the other facts in her complaint.

**4. Disparate Treatment**

Plaintiff's fourth claim for relief asserts both federal and state law disparate treatment within a single count. As a general matter, the Federal Rules contemplate that each discrete claim for relief be pleaded in its own count. *See* Fed. R. Civ. P. 10(b) (providing that, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count"); *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840–41 (9th Cir. 2000) (separate counts are appropriate "where multiple claims are asserted, where they arise out of separate transactions or occurrences, and where separate statements will facilitate a clear presentation" of the issues). In turn, this Court will address Plaintiff's federal and state law claims separately below.

**4a. Federal law disparate treatment**

Plaintiff alleges that she "was treated less favorabl[y] than similar[l]y situated employees" and that her "concerns were ignored" while "the (Hispanic Complaints) were addressed." To the extent Plaintiff intends to assert a claim for disparate treatment based on race or national origin under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., this Court sets forth the elements of such a claim below.

To establish a prima facie case of disparate treatment under Title VII, a plaintiff must show that (1) she belongs to a protected class; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination. *See Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123–24 (9th Cir. 2000).

Although Plaintiff need not plead a prima facie case at this stage, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–15 (2002), she must allege facts that plausibly support each element. Plaintiff does not identify her own protected class, allege facts showing that the compared employees were similarly situated to her, or connect the difference in treatment to a protected characteristic. Should Plaintiff choose to amend, she may allege facts supporting a Title

VII disparate treatment claim consistent with these elements. Again, she must first establish she has exhausted her administrative remedies.

To the extent Plaintiff wishes to state a claim for disparate treatment under the ADA, she must allege facts plausibly showing that (1) they belong to a protected class; (2) they were qualified for the position (they were performing their job in a satisfactory manner); (3) they were subject to an adverse employment action; and (4) they were replaced by or treated less favorably than a person outside the protected class. *Poe v. Waste Connections US, Inc.*, 371 F. Supp. 3d 901, 911–12 (W.D. Wash. 2019) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801–04 (1973).

Construed liberally, Plaintiff's allegations plausibly suggest that Plaintiff's suspension and subsequent termination were taken because of her disability. As to the fourth element, Plaintiff alleges that she was treated less favorably than "similarly situated employees." Plaintiff does not, however, allege any facts describing who these employees were or how they were similarly situated to her. Nor does Plaintiff allege that these employees were outside her protected class (employees without her asserted disability). The fourth element requires Plaintiff to allege that she was treated less favorably than a person outside of her protected class. Because Plaintiff does not provide sufficient factual allegations, this Court will dismiss this claim with leave to amend subject to the exhaustion requirements mentioned above.

**4b. State law disparate treatment**

Because Plaintiff has stated at least one federal claim sufficient to proceed past screening[4], this Court may exercise supplemental jurisdiction over this claim. *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (district court must exercise supplemental jurisdiction over related state law claims or expressly decline under § 1367(c)); *see also* 28 U.S.C. § 1367(a).

Nevada's anti-discrimination statute, Nev. Rev. Stat. A § 613.330, makes it an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any person, or

---

[4] Nothing in this Order precludes Defendants from raising any defense otherwise available to them, including a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

otherwise to discriminate against any person with respect to the person's compensation, terms, conditions or privileges of employment, because of his or her race, color, religion, sex, sexual orientation, gender identity or expression, age, disability or national origin." To establish a prima facie case of disparate treatment discrimination under Nevada law, a plaintiff must show: (1) they belonged to a protected class; (2) they were qualified for their job; (3) they were subjected to an adverse employment action; and (4) similarly situated employees not in their protected class received more favorable treatment. C*ity of N. Las Vegas v. State Loc. Gov't Emp.-Mgmt. Rels. Bd.*, 127 Nev. 631, 642–43, 261 P.3d 1071, 1078–79 (2011); *Apeceche v. White Pine Cnty.*, 96 Nev. 723, 726, 615 P.2d 975, 977 (1980).

Nevada analyzes disparate treatment claims under, Nev. Rev. Stat. § 613.330 using the same framework as the analogous federal claim*. See City of N. Las Vegas*, 127 Nev. at 642–43, 261 P.3d at 1078–79. For the reasons stated above with respect to Plaintiff's federal disparate treatment claim, Plaintiff's allegations fail to satisfy the fourth element of her state-law claim because she does not allege facts showing that a more-favorably-treated employee was both outside her protected class and similarly situated to her as required by Nevada law. Plaintiff's state-law disparate treatment claim is therefore dismissed without prejudice and with leave to amend on the same basis.

## III. INSTRUCTIONS FOR FILING AN AMENDED COMPLAINT

Plaintiff is instructed that if she intends to file an amended complaint, an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete by itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit.

/ / /

## IV. <u>CONCLUSION</u>

**IT IS THEREFORE ORDERED** that Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 5) is **GRANTED**. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

**IT IS FURTHER ORDERED** that all of the claims in Plaintiff's complaint (ECF No. 2-1) are dismissed without prejudice but with leave to amend.

**IT IS FURTHER ORDERED** that by **August 28, 2026,** Plaintiff must file an amended complaint consistent with the instructions in this order. Failure to meet this deadline will result in a recommendation to the district judge that this case be dismissed without prejudice.

DATED: July 29, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE