**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Berthinia S. Williams,

Plaintiff,

v.

Westgate Las Vegas Resort & Casino,

Defendant.

Case No. 2:26-cv-01812-CDS-BNW

**Screening Order**

This Court previously dismissed Plaintiff Berthinia S. Williams's complaint without prejudice and with leave to amend. ECF No. 8. Plaintiff filed an amended complaint. ECF No. 9. In turn, this Court will screen her amended complaint as required by 28 U.S.C. § 1915(e)(2).

## I. <u>ANALYSIS</u>

### A. Screening standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*

*Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff must be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the complaint**

As explained in the previous screening order, under both Title VII and the ADA, a plaintiff may bring suit in federal court only after exhausting administrative remedies. ECF No. 8 at 3. Plaintiff's amended complaint still fails to allege any facts indicating she has exhausted her administrative remedies in a timely manner.

In addition, this Court provided a detailed analysis of the factual allegations necessary for Plaintiff to state several different claims. *See generally* ECF No. 8. Plaintiff's amended complaint, however, does not include the additional factual allegations identified by this Court.

Plaintiff's complaint is therefore dismissed without prejudice and with leave to amend. This Court will attach a copy of its previous order (ECF No. 8) so that Plaintiff may study the noted deficiencies and provide the necessary factual allegations to state her claims.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's amended complaint (ECF No. 9) is dismissed without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that the Clerk of Court deliver this Court's previous order (ECF No. 8) to Plaintiff.

**IT IS FURTHER ORDERED** that by **October 1, 2026,** Plaintiff must file an amended complaint consistent with the order at ECF No. 8. Failure to meet this deadline will result in a recommendation to the District Judge that this case be dismissed without prejudice.

DATED: September 1, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE